(27 Misc. Rep. 371.)

PEOPLE ex rel. BRONX GAS & ELECTRIC CO. v. FEITNER et al.

(Supreme Court, Special Term, New York County. May, 1899.)

1. ASSESSMENT—REVIEW BY CERTIORARI.

Laws 1896, c. 908, § 250, allowing to any person aggrieved by an assessment the right to bring certiorari to the supreme court, stating his objections and the grounds therefor, does not impose on the court the duty to reassess in all cases in which the taxpayer complains, but simply to review the assessment already made, and correct it when the assessors have not rightly decided on the facts presented to them.

2. SAME—EVIDENCE OF OVERVALUATION AND INEQUALITY.

The fact that real property on which there are buildings and machinery is assessed more than other real property in the immediate neighborhood does not tend to show that it has been overvalued, or assessed at a higher proportionate value than the other property.

3. SAME—AVERMENTS AS TO OVERVALUATION—SUFFICIENCY.

A petition by a taxpayer, under Laws 1896, c. 908, § 250, for certiorari to review an assessment, alleged that the "assessable" value of his property was much less than the amount fixed, and an affidavit in support thereof

alleged that the property of the relator was worth a certain amount "according to the valuation fixed by the assessors on similar property in said neighborhood." *Held*, that it did not show that the relator's property had been overvalued, as required by said section.

Certiorari by the people, on the relation of the Bronx Gas & Electric Company, against Thomas L. Feitner and others, commissioners of taxes and assessments of the city of New York, to review an assessment of real estate of the relator for the year 1898. Writ dismissed.

Atwater & Cruikshank, for the application.
John Whalen, Corp. Counsel (John E. Ward, of counsel), opposed.

TRUAX, J. Section 250, c. 908, Laws 1896, does not impose upon this court the onerous duty of reassessing the value of property in all cases in which the owner of the property complains of the assessment made by the assessors. It is the duty of the court simply to review the assessment already made, and to correct that assessment when it appears that the assessors have not rightly decided upon the facts presented to them. The relator herein seeks to review the action of the assessors upon the ground that such action was illegal because personal property was assessed as real property, and because the assessment and valuation of said property was erroneous by reason of overvaluation and unequal valuation, and at a higher proportionate valuation than other property in the immediate neighborhood. The commissioners had before them, and return to this court, the verified application of the relator, in which it is claimed that the property should be assessed at the sum of $14,644, instead of $89,000, the amount at which it was assessed. The relator attempted to show in that application that its property was assessed for more than its value, and more than other property in the immediate vicinity of the property of this relator. I do not think that it has done what it attempted to do. The property of the relator seems to have been assessed in three divisions: (1) On the premises between Eighth and Ninth streets, in the old town of Westchester, designated on said assessment roll as plots 508, 509, and 510, including engines, boilers, dynamos, and fixtures, the relator was assessed $19,000. There is no competent evidence before me showing that the commissioners erred in assessing this property at this amount. It is true that the application above referred to of the relator contains the statement that other property in the immediate neighborhood has been assessed at less than $400 per acre, but it appears from the return that the property of the relator is not vacant property, but has on it buildings and machinery; and the fact that this property on which there are buildings and machinery has been assessed more than property in the immediate neighborhood does not show, nor does it tend to show, that this property has been overvalued, or that it has been assessed at a higher proportionate valuation than other property in the immediate neighborhood. This remark also applies to the property mentioned in paragraphs or divisions 2 and 3. Moreover, section 250, above referred to, states that the relator must show that his property has been overvalued. In its application to the commissioners the relator

said that the "assessable" valuation of its property was much less than the amount fixed by the commissioners. I do not know exactly what the relator means by the word "assessable," but, whatever it means, an allegation that the "assessable" value of certain property is a certain sum is not equivalent to an allegation that the real value of that property is that sum; nor is the allegation of the relator helped by the affidavit of the treasurer of the relator to the effect that the property of the relator is worth a certain amount "according to the valuation fixed by the assessors on similar property in said neighborhood." The other propositions discussed by the relator have been disposed of by this court in People v. Feitner, 27 Misc. Rep. 384, 58 N. Y. Supp. 869, adversely to the relator. The writ should be dismissed, with costs.

Writ dismissed, with costs.